IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNIE SMITH                                                                                            PLAINTIFF

V.                              CASE NO. 5:12-CV-05193-JLH

NATIONWIDE RECOVERY SYSTEMS, LTD.                                          DEFENDANT

BRIEF IN SUPPORT OF MOTION TO DISMISS

I.
INTRODUCTION

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Arkansas Consumer Collection Practices Act, Ark. Code Ann. § 17-24-101.  Plaintiff alleges that Nationwide sent him a collection letter ("formal demand for payment in full") on April 4, 2012 referencing a balance due of $1,122.98 for the creditor AT&T Mobility (Ex. A to Compl.).  Plaintiff further alleges that he sent Nationwide a debt dispute letter dated April 15, 2012 (Ex. B to Compl.).

Plaintiff admits in his Complaint that after sending the dispute letter he received no further written communication from Nationwide (Compl. at para. 10).

Plaintiff alleges that on June 7, 2012, he received a Notice of Debt from Virtuoso Sourcing Group (Ex. C to Compl.).

There is no allegation that Nationwide has any relationship to Virtuoso. There is no allegation that Nationwide undertook any activity to continue debt

collection activities after Plaintiff's dispute notice of August 15, 2012.

On these facts, the Court should dismiss Plaintiff's Complaint. It is without merit and does not state any claim for relief.

## II.
## STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a complaint should be dismissed if it fails "to state a claim upon which relief can be granted." In Bell A. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court held that this rule requires a plaintiff to plead facts sufficient to "raise a right to relief above the speculative level." 550 U.S. at 555, 127 S. Ct. at 1965. The complaint must show that the plaintiff's claims are "plausible." 550 U.S. at 556, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949.

In reviewing a Rule 12(b)(6) motion, the courts must accept specific factual allegations in complaints as true, but the courts "are not required to accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., 2010 U.S. App. LEXIS 25369 *22 (8th Cir. Dec. 13, 2010), citing Twombly, supra, 550 U.S. at 556, 127 S. Ct. at 1965-66.

"[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" C.N. v. Willmar Pub. Sch., 591 F.3d 624, 629-30 (8th Cir. 2010), quoting Twombly, supra, 550 U.S. at 555, 127 S. Ct. 1964-65. "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" C.N., supra, 591 F.3d at 630, quoting Twombly, supra, 550 U.S. at 570, 127 S. Ct. at 1974. In reviewing a motion to dismiss under Rule 12(b)(6), "[t]he court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009), citing Iqbal, supra, 129 S. Ct. at 1950. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden St. Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) ("[T]he facts alleged (in the complaint) 'must be enough to raise a right to relief above the speculative level,'" citing Twombly, supra). It is improper to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. St. Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983).

III.
LEGAL ANALYSIS

Congress enacted the Fair Debt Collection Practices Act (FDCPA) in order to

stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001). To effect this purpose, Congress prohibited debt collectors from certain types of collection practices such as use or threat of violence, harassing or anonymous telephone calls. 15 U.S.C. § 1692d. The FDCPA contains general prohibitions on conduct designed to harass, oppress, or abuse a person. Id. The act prohibits "any false, deceptive or misleading misrepresentation or means." 15 U.S.C. § 1692(e).

At issue in this case is 15 U.S.C. § 1692g(b) which provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof[.]

Assuming for purposes of this motion that Nationwide qualifies as a "debt collector" within the meaning of 15 U.S.C. § 1692a, there is no allegation in Plaintiff's Complaint which could plausibly state a claim for relief under §1692g(b). It is undisputed that Nationwide ceased all collection activity after receipt of Plaintiff's letter of dispute. Plaintiff's receipt of a new debt collection letter from a different debt collector, Virtuoso, does not state any plausible claim for relief against Nationwide. Plaintiff's claim that Nationwide is somehow responsible for the actions of Virtuoso is pure speculation. Any such contention is merely conclusory, an

unwarranted deduction, or an unreasonable inference.  The Complaint fails to state facts to support a claim that is plausible on its face because there is no allegation supported by fact that Nationwide and Virtuoso are the same.  In fact, on the face of Plaintiff's Complaint and on the basis of the exhibits attached, it is plainly apparent that they are two separate entities and entirely separate debt collectors under the FDCPA.

The FDCPA makes a distinction between "creditor" and "debt collector."  The two entities are separately defined under 15 U.S.C. § 1692a.  "Creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed."  "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or due another."  The act creates liability for the debt collector, not the creditor.  <u>Stafford v. Cross Country Bank</u>, 262 F. Supp.2d 776 (W.D. Ky. 2003).  It appears from Plaintiff's Complaint and the exhibits attached thereto, interpreting them in a light most favorable to Plaintiff, that the <u>creditor</u> retained the services of a different debt collector after Nationwide ceased all collection activity.  If AT&T obtained the services of a different debt collector, this creates no liability whatsoever on Nationwide which undisputedly ceased all collection activities.  This issue was addressed in <u>Schmitt v. FMA Alliance</u>, 398 F.3d 995 (8th Cir. 2005).  The plaintiff

in that case sought to impute the knowledge of the creditor (in this case AT&T) to this debt collector (in this case Nationwide).  The district court granted the defendant's Rule 12(b)(6) motion to dismiss and the Eighth Circuit affirmed.  "A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditor's activities at all."  398 F.3d at 998, quoting <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 729 (7th Cir. 2004).  The Eight Circuit specifically aligned itself with other federal circuits holding that a creditor's knowledge is not imputed to debt collectors for purposes of the FDCPA.

Arkansas statutes also contain a Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, et seq.  The definitions and provisions of the state act are substantially similar to the federal act, including the definitions of creditor and debt collector.  Ark. Code Ann. § 17-24-502.  There is nothing in Plaintiff's Complaint which alleges any facts supporting a violation of the state statute.

## IV.
## CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

/s/ David M. Donovan
DAVID M. DONOVAN (81184)
ATTORNEYS FOR DEFENDANT
WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVE., STE. 200
LITTLE ROCK, AR  72201-1769
(501) 372-1406
(501) 372-1209 FAX
david.donovan@wdt-law.com

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 15, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

  I hereby certify that I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. Donnie Smith  
2811 Springdale Ave.  
Box 6213  
Springdale, AR 72762

            <u>/s/ David M. Donovan</u>  
            DAVID M. DONOVAN (81184)  
            ATTORNEYS FOR DEFENDANT  
            WATTS, DONOVAN & TILLEY, P.A.  
            200 RIVER MARKET AVE., STE. 200  
            LITTLE ROCK, AR  72201-1769  
            (501) 372-1406  
            (501) 372-1209 FAX  
            david.donovan@wdt-law.com