```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DONNIE SMITH**                                                    PLAINTIFF

        v.        Civil No. 12-5193

**NATIONWIDE RECOVERY SYSTEMS, LTD.**                                DEFENDANT

### O R D E R

    Now on this 22nd day of February, 2013, comes on for consideration defendant's **Motion To Dismiss** (document #10) and **Defendant's Motion To File Reply Brief In Support Of Motion To Dismiss** (document #13), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.  Plaintiff Donnie Smith contends that defendant Nationwide Recovery Systems, Ltd. ("Nationwide") violated the Fair Debt Collection Practices Act ("FDCPA"), **15 U.S.C. § 1692g(B)** and the Arkansas Consumer Collection Practices Act ("ACCPA"), **A.C.A. § 17-24-101 et seq.**

    2.  Nationwide now moves for dismissal under **F.R.C.P. 12(b)(6),** contending that on its face the Complaint indicates that Smith has no viable cause of action against it.  Smith resists the motion, and the matter is fully briefed and ripe for decision.

    3.  As explained in **Ashcroft v. Iqbal**, 556 U.S. 662, 678 1949 (2009),

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

(internal citations and quotation marks omitted).

4.   The FDCPA, at **15 U.S.C. § 1692g(B)**, provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed . . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Failure to comply with any provision in the FDCPA subjects a debt collector to legal liability.  **15 U.S.C. § 1692k.**

The Arkansas Fair Debt Collection Practices Act ("AFDCP"), at **A.C.A. § 17-24-508(b)**, contains a virtually identical provision, and also provides for a private right of action, in **§ 17-24-512**.

5.   The relevant allegations of the Complaint are as follows:

*   that Smith is a consumer within the meaning of the FDCPA;

*   that Nationwide is a debt collector within the meaning of the FDCPA;

\*     that on or about April 4, 2012, Smith received a demand for payment from Nationwide (referencing a document said to be attached, but which is not attached);

\*     that on or about April 15, 2012, Smith sent a Notice of Dispute (presumably to Nationwide, although the Complaint does not so allege) pursuant to **15 U.S.C. § 1692g(B)**;

\*     that no further communications have been received from Nationwide;

\*     that on or about June 7, 2012, Smith received a notice of debt owing from Virtuoso Sourcing Group, for the same alleged debt (again referencing a document said to be attached, but which is not attached);

\*     that defendants (plural) continued collection activity after receiving notice of dispute, and failed to provide written validation of the debt before resuming collection activities.

6.     The Court agrees with Nationwide that, on its face, the Complaint demonstrates that Smith has no cause of action under **15 U.S.C. § 1692g(B)** or **A.C.A. § 17-24-508(b)** against Nationwide. Indeed, the Complaint alleges that Nationwide did exactly what these statutes require of it: once it was notified of a dispute, it ceased further collection activities.

7.     Smith attempts to save his pleading by citing **Haines v. Kerner**, **404 U.S. 519 (1972)**, which holds pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers."

Smith interprets this case too broadly, however. He contends that "[r]egardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims." As **Haines** makes clear, this rule applies only up to the point where it "appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." **404 U.S. at 521**.

8. Smith also contends -- although he does not so plead -- that there is a disputed issue of fact as to whether Nationwide "just passed the collection claim on to another third party debt collector." He asks that he be allowed to amend to so plead, and "given counsel as to how he may correct his deficiency."

The Court will grant Smith's request to amend, and will take the pending motion under advisement and allow him fourteen (14) days from the file date of this Order to do so. See **Wright & Miller Federal Practice and Procedure: Civil 3d**, § 1357, **page 733** ("district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected").

If Smith amends his Complaint, Nationwide will have fourteen (14) days to respond; if Smith does not amend, the pending motion will be granted.

9. The Court will decline Smith's invitation to "give counsel." The function of a court is to resolve disputes, and it

-4-

is not consistent with that function to "give counsel" to any party, whether represented or pro se.

    10.  Defendant's Motion To File Reply Brief In Support Of Motion To Dismiss will be granted.  Defendant need not refile this reply, since it is attached to the motion and the Court has fully considered it.

    **IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss** (document #10) is **taken under advisement.**

    **IT IS FURTHER ORDERED** that plaintiff is allowed fourteen (14) days from the file date of this Order to file an amended complaint.  Should an amended complaint be filed, defendant will be allowed fourteen (14) days from the date of filing same to respond.  Should no amended complaint be filed, the pending motion will be granted.

    **IT IS FURTHER ORDERED** that **Defendant's Motion To File Reply Brief In Support Of Motion To Dismiss** (document #13) is **granted.**

    **IT IS SO ORDERED.**

                                                                /s/ Jimm Larry Hendren  
                                                        **JIMM LARRY HENDREN**  
                                                        **UNITED STATES DISTRICT JUDGE**